NICHOLAS A. WISE, as Sole Trustee of School District Number Five of the Town of Pomfret, Respondent, *v.* W. A. BULL and P. T. BULL, Appellants.

(County Court, Chautauqua County, March, 1913.)

Education Law, § 276 — report of trustee of school district — action
  by trustee on collector's bond.
Appeal — from judgment in Justice's Court — Education Law, § 276.

  The provisions of subdivisions 2 and 6 of section 276 of the Education Law, relating to the report of a trustee of a school district, contemplate an exact and specific statement of the receipts and payments by the district including the amount of drafts upon the supervisor and collector respectively.

  Where, on appeal from a judgment rendered in Justice's Court in an action by the trustee of a school district on the bond of the school collector of said district to recover forty-four dollars for which, as claimed, he had failed to account, the report of plaintiff prepared and filed pursuant to section 276 of the Education Law, while showing a balance of seventy-two dollars and eight cents in favor of the district, did not disclose whether said amount was in the hands of the supervisor or collector, there being no treasurer of the school district, and the public moneys apportioned to said district are not shown to have been paid to the collector, he is not accountable for money retained by the supervisor and disbursed by him on the order of the referee, and the judgment in plaintiff's favor will be reversed and a new trial ordered.

APPEAL from a judgment rendered in Justice's Court in favor of plaintiff.

Thomas J. Cummings, for appellants.

Harmon J. Westwood, for respondent.

OTTAWAY, J.  The plaintiff commenced an action in Justice's Court to recover of the defendants the sum of

forty-four dollars. The plaintiff based his right to recover upon the proposition that the defendants were sureties upon the bond of the school collector of district No. 5 of the town of Pomfret, of which the plaintiff was trustee, claiming that the school collector had failed to account for this amount of money.

A trial was had and a verdict rendered in favor of the plaintiff upon which a judgment has been entered.

The defendants contend that there is no evidence in the case to sustain this recovery.

To establish his contention the plaintiff introduced in evidence his report as trustee of said district and a letter written by the collector of said school district. The letter states that the collector has a balance on hand of twenty-eight dollars and eight cents.

The account of the trustee, as filed, shows a balance in favor of the district of seventy-two dollars and eight cents. The trustee's report seems to have been prepared in pursuance of section 276 of the Education Law, and was filed with the town clerk of the town of Pomfret.

Subdivision 2 of this section provides that the report shall contain: " The amount of their drafts upon the supervisor, collector or treasurer for the payment of teachers' salaries during such year, and the amount of their drafts upon him for the purchase of books and school apparatus during such year, and the manner in which such moneys have been expended."

Subdivision 6 provides that the report shall contain: " The amount of money paid for teachers' salaries, in addition to the public money paid therefor, the amount of taxes levied in said district for purchasing school-house sites, for building, hiring, purchasing, repairing and insuring school-houses, for fuel, for school libraries, or for any other purpose allowed by law."

These provisions of the Education Law contemplate an exact and specific statement of the receipts and payments by the district, including the amounts of drafts upon the supervisor and collector, respectively.

The report, as filed, fails to give this information. It does not appear from the report whether the moneys representing the balance of the district fund are in the hands of the supervisor or the collector. It was made to appear that there is no treasurer of this school district.

It does not appear that the school district availed itself of the provisions of section 253 of the Education Law, which provides: " 1. The trustees of a school district which has not a treasurer may direct by resolution duly entered on the minutes of their proceedings the collector of such district to disburse to teachers the money apportioned by the state for teachers' salaries.

" 2. The collector shall thereupon execute a bond to the trustees, with two or more sureties, in double the amount of the last apportionment, with like condition of sureties, approval of trustees, and amount and like directions as to filing as are required in the preceding section for a bond for the collection of taxes, and conditioned also for the due and faithful execution of the duties of his office as such disbursing agent."

Section 275, subdivisions 11 and 13, provide: " It shall be the duty of the trustees of a school district, and they shall have power:

" 11. To pay towards the wages of legally qualified teachers the public moneys apportioned to the district for such purpose by giving them orders therefor on the supervisor, or on the collector or treasurer of such district when duly qualified to receive and disburse the same. * * *

" 13. To draw upon the supervisor, the collector or treasurer, when duly qualified to receive and disburse

the same, for the school moneys, by written orders signed by the sole trustee, or where there are three trustees, signed by a majority of said trustees as prescribed by subdivisions one and two of section three hundred and sixty of this chapter.''

It follows that the public moneys apportioned to district No. 5 of the town of Pomfret are not shown to have been paid to the collector; consequently he was not accountable for the moneys retained by the supervisor of the town and disbursed by him upon order of the trustee.

The trustee's report does not disclose whether the balance set forth is in the hands of the supervisor of the town of Pomfret or the collector of school district No. 5; consequently the evidence in this case does not establish any liability upon the part of the defendants. Woodhull v. Bohenblost, 4 Hun, 399.

Judgment reversed, and the same being contrary to the evidence of the case a new trial is directed before G. A. Putnam, justice of the peace of the town of Portland, N. Y., at his office in the village of Brocton, April 24, 1913, at ten o'clock A. M.; costs of this appeal to appellant to abide event of new trial.

Judgment reversed.